IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JEFF DACOSTA, ANDREW ROCHESTER, KURT DIMMERLING, and MICHAEL SAMUELS | ) ) ) ) | Civil Action No. |
| Plaintiffs, | ) ) ) | JURY TRIAL DEMANDED |
| v. | ) ) | |
| AMERISAVE MORTGAGE CORPORATION, | ) ) ) | |
| Defendant. | ) ) ) | |

_____

## COMPLAINT FOR DAMAGES

COME NOW Plaintiffs Jeff DaCosta, Andrew Rochester, Kurt Dimmerling, and Michael Samuels (collectively "Plaintiffs"), through undersigned counsel, and file this lawsuit against Defendant Amerisave Mortgage Corporation ("Amerisave" or "Defendant"), and show the following:

### I.   Nature of Complaint

1.

Plaintiffs bring this action to obtain full and complete relief and to redress the

unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorneys' fees and costs incurred in this litigation, for Defendant's failure to pay federally mandated overtime wages to Plaintiffs during Plaintiffs' employment with Defendant, in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA")

## II.   <u>Jurisdiction and Venue</u>

3.

The Court has original jurisdiction of this action pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331 because this action is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 <u>et seq.</u>

4.

Defendant Amerisave Mortgage Corporation is a Georgia corporation, and a substantial part of the events or omissions giving rise to the claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. § 1391.

## III.   <u>Parties and Facts</u>

5.

Plaintiffs are adult individuals.

6.

Plaintiffs worked for Defendant as Senior Mortgage Processors ("SMPs") during the relevant statutory period.

7.

Plaintiffs were "employees" of Defendant, as that term has been defined by the FLSA, 29 U.S.C §203(e).

8.

Plaintiffs were employed by Defendants as SMPs, and were paid a minimum wage draw against their commissions, rather than on a salary basis for the work they performed.

9.

On November 23, 2011, this Court granted conditional certification of an FLSA collective action class comprised of Amerisave Senior Mortgage Processors in *Zulauf, et al. v. Amerisave Mortgage Corporation, et al.*, 1:11-cv-01784-WSD (N.D. Ga.) (hereinafter "*Zulauf*"), at [Doc. 92.].

10.

The conditionally certified class in *Zulauf* included Plaintiffs.

11.

Plaintiffs filed their consent to join the *Zulauf* action to seek recovery of unpaid overtime wages under the FLSA from Defendant Amerisave, stemming from Plaintiffs' tenure in the SMP position.

12.

Plaintiffs filed their consent to join *Zulauf* within three years of the last week in which they worked over 40 hours for Defendant as SMPs without receiving overtime compensation.

13.

In filing their consent to join the *Zulauf* action, the statute of limitations for Plaintiffs to file claims for unpaid overtime under the FLSA was tolled as of the date each Plaintiff filed his consent to join in *Zulauf*.

14.

Plaintiffs now bring their individual claims in this action, to seek unpaid overtime for work they performed in excess of 40 hours in given workweeks during the three years preceding their respective filings of consent to join the *Zulauf* action (hereinafter sometimes referred to as the "relevant time period").

15.

Plaintiffs all worked under the same immediate supervisor, Darla Castillo.

16.

Castillo directed the work of Plaintiffs and had, at times during Plaintiffs' employment in the SMP position, knowledge that Plaintiffs worked in excess of 40 hours in given workweeks without receiving overtime compensation.

17.

During the relevant time period, Plaintiffs worked an amount of time that was more than forty (40) hours in given workweeks and were not paid the overtime wage differential.

18.

Defendant Amerisave Mortgage Corporation is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

19.

Defendant Amerisave Mortgage Corporation is a domestic corporation with its principal place of business in Atlanta, Georgia.  At all times relevant herein, Defendant Amerisave Mortgage Corporation was Plaintiffs' employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

20.

During the relevant time period, Plaintiffs' primary duty was to provide customer service, act as a point of contact for customers, collect documents needed to process loans, and assist potential customers with general inquiries.

21.

During the relevant period, Plaintiffs worked from home, but did not visit their customers' places of business to collect orders or close loans.

22.

During the relevant period, Plaintiffs routinely worked in excess of forty (40) hours in given workweeks without receiving overtime compensation for all overtime hours worked while performing the duties of Senior Mortgage Processor for Defendant.

23.

Defendant was aware that the Plaintiffs were working overtime hours because, *inter alia*, Plaintiffs were required to log in to Defendant's computer system to perform a substantial portion of their work.

24.

Defendant was aware of the specific times Plaintiffs were working while on the Defendant's system.  Defendant encouraged Plaintiffs to work in the system by

stating that the more time that the employee spent logged into the call center software, the more online loan applications the employees would be given.

25.

Defendant encouraged Plaintiffs to limit the number of hours that the Plaintiffs tracked in the time keeping system, and encouraged Plaintiffs to inaccurately track the actual time Plaintiffs worked.

26.

Defendant did not track the time SMPs, including Plaintiffs, spent on their mobile telephones, Smart phones or other handheld devices answering and making calls and reviewing and sending electronic mail.

27.

Defendant was aware that SMPs, including Plaintiffs, used their mobile telephones and handheld devices to receive and make calls and review and send electronic mail.

28.

Defendant was aware that a substantial amount of work hours were required to be performed by SMPs, outside of Defendant's tracked hours in the computer system, to complete work involved in processing loan applications.

29.

Defendant paid Plaintiffs on a commission basis.

30.

As commissioned employees, Plaintiffs received a determinable amount of money for each loan that the employee closed for Amerisave.

31.

Although Plaintiffs regularly worked more than forty (40) hours per week completing their work and other job duties, Plaintiffs did not receive overtime pay from Defendant on their commissions.

32.

In May 2008, Amerisave was sued in California for violations of overtime laws. In July 2008, in response to the lawsuit, Amerisave changed its systems to require employees to log their time in an online timekeeping system.  Employees were locked out of the system when they logged forty (40) hours on the system within the work week.

33.

Initially, Amerisave required the employees to contact their manager if they were locked out of the system. Within a few weeks, however, a feature was implemented that allowed the employee to adjust their own hours in the system.

34.

In August 2008, Amerisave owner and CEO Patrick Markert informed his employees, via email, that all SMPs were required to work 40 hours per week, and that on every Monday and Tuesday, Amerisave would be reviewing hours worked by SMPs and demoting employees to outside sales if the hours requirement was not met.

35.

In response to this email, SMP Kal Wayman informed his manager that he was purposely putting in no hours on his timecard so that he wouldn't build up a minimum wage draw.  Wayman asked whether he should continue underreporting his hours to allow him to continue working over 40 hours each week. Wayman's manager forwarded the email to Amerisave President Carol Poupart, who then forwarded the email to Markert asking whether there could be an exception to Markert's rule for Wayman.  In response to this email, Markert told Wayman to continue underreporting his hours.

36.

Poupart was aware that employees were working more than 40 hours per week.  Not only did she participate in directing employees to underreport their

hours, she was also aware of complaints from employees about unpaid overtime hours.

37.

For example, in May 2009, SMP Jon Caffery advised Amerisave Vice President of Sales, Robert Wilkes, that an SMP had stated on a sales team conference call that he was working 10-12 hours per day.  Wilkes forwarded that email to Poupart, and rather than investigate the allegation, she wrote, "Hmmm, hopefully he does drop it."

38.

Caffery did not drop it.  He raised the overtime issue again in January 2010. In an email to all management, including Markert, Poupart, Wilkes, Wilhelm and his direct manager, Rebekah Balkcom, Caffery wrote:

> "AMERISAVE set the timecard so the employee can change the hours to make 60-80 hour work weeks or more.  Then your managers have other employees contact you to tell you how to work the necessary hours to be successful mostly by phone but I have the emails too…Any employer that would open the system and then show you how to manipulate it to work more hours off the record is CORUPT.  I remember sitting in a meeting with Bobby Wilkes speaking openly about the top producers and asking for tips from them for the group.  One them said, "You have to put in the extra hours at least 60 per week" [by changing the time card].   I immediately said WHAT? In the text box and Bobby closed the meeting promptly.  It is still going on.  Employees are forced to lie on their timecard if they want to get enough leads, close enough loans and to access their CRM to work on them.  If they ever acknowledge they work overtime  or  the  fraud of changing it

(Amerisave has a record of (FALSE) hours and statements to prove otherwise) very clever but still illegal.  How about "Did any employee tell you to do anything out of AMERISAVE stated policy?"  If you answer yes you don't work.  This is known all the way up to at least Bobby Wilkes maybe further and the email rebukes of working overtime while knowingly seeing it going on was a coverup of the fact it was accepted.  Don't ask don't tell works in the Military but not in the workforce.  Timeclocks are not meant to be easily manipulated and can only be set that way for one purpose.  What say you Patrick, Carol, Martin, Bobby?   I can already imagine your corporate reply. Surprise me with the truth…"

39.

No investigation was ever conducted, nor was any research done to determine whether there was any basis for Caffery's complaints.

40.

During the relevant time period, Defendant failed to keep accurate time records for all hours worked by Plaintiffs.

41.

Defendant was aware, however, that Plaintiffs were working more than forty hours per week because of, *inter alia*, its ability to track the hours that the employees were logged into its system and generate reports regarding these hours.

42.

Defendant's conduct was willful and in bad faith.

43.

Defendant's practices described herein violate the provisions of FLSA, 29

U.S.C. § 201, <u>et seq</u>. including but not limited to 29 U.S.C. § 207.  As a result of these unlawful practices, Plaintiffs have suffered a loss of wages.

## Count I.

## <u>Violation of the Overtime Wage Requirements of the Fair Labor Standards Act</u>

44.

Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

45.

Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiffs worked in excess of forty (40) hours in given workweeks.

46.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times their regular rate of pay for all hours worked over forty hours in given workweeks.

47.

Defendant suffered and permitted Plaintiffs to routinely work more than forty (40) hours per week without overtime compensation.

48.

Defendant's actions, policies, and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiffs at the required overtime rate.

49.

Defendant knew, or showed reckless disregard for the fact that Amerisave failed to pay Plaintiffs overtime compensation in violation of the FLSA.

50.

As the direct and proximate result of Defendant's unlawful conduct, Plaintiffs have suffered and will continue to suffer a loss of income.  Plaintiffs are entitled to liquidated damages and attorneys' fees and costs incurred in connection with their FLSA claims.

51.

By failing to accurately report, record and/or preserve records of hours worked by Plaintiffs, Defendant has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practice of employment, in violation of the FLSA.

52.

The foregoing conduct, as alleged, constitutes a willful violation the FLSA

within the meaning of 29 U.S.C. § 255(a) as Defendant knew, or showed reckless disregard for the fact that its compensation practices were in violation of the FLSA.

### Prayer for Relief

**WHEREFORE**, Plaintiffs respectfully request that this Court:

(A)     Grant Plaintiffs a trial by jury as to all triable issues of fact;

(B)     Enter judgment awarding Plaintiffs unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided under 29 U.S.C. §216, and all other remedies allowed under the FLSA; and

(C) Grant declaratory judgment declaring that Plaintiffs' rights have been violated and that Defendant misclassified Plaintiffs as exempt from the overtime requirements of the FLSA and that Defendant's violations of the FLSA were willful;

(D)     Grant leave to add state law claims if necessary; and award Plaintiffs such further and additional relief as may be just and appropriate.

Respectfully submitted,

This 6th day of March, 2013.

**BARRETT & FARAHANY, LLP**

/s/ V. Severin Roberts
Amanda A. Farahany
Georgia Bar No. 646135
Benjamin F. Barrett
Georgia Bar No. 039586
V. Severin Roberts
Georgia Bar No. 940504
Attorneys for Plaintiffs

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile