IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JEFFREY ZULAUF AND JASON ZULAUF,<br><br>      Plaintiffs,<br><br>      v.<br><br>AMERISAVE MORTGAGE CORPORATION,<br><br>      Defendant. | CIVIL ACTION NO.:<br>1:11-cv-01784-WSD |
| JEFF DACOSTA, ANDREW ROCHESTER, and MICHAEL SAMUELS,<br><br>      Plaintiffs,<br><br>      v.<br><br>AMERISAVE MORTGAGE CORPORATION,<br><br>      Defendant. | CIVIL ACTION NO.:<br>1:13-cv-00717-WSD |
| ANTHONY FIERRO, EUGENE KUEHNIS, DANIEL MURAIRA, RICHARD THOMAS, PAUL FERGONISE, AARON BLAKE, JEFFERY ESTES, and ALBERTO VELEZ,<br><br>      Plaintiffs,<br><br>      v.<br><br>AMERISAVE MORTGAGE CORPORATION, | CIVIL ACTION NO.:<br>1:13-cv-00718-WSD |

| | |
|---|---|
| Defendant. | |
| RODNEY ATKINSON, GUY LAMURA, HA LE DAO, SARA VANDERVER, RICHARD GOLDSTONE, PAUL MCDONALD, THOMAS WOLF, JOHN NOH, and SAMMIE BUCKHANNON, <br><br>    Plaintiffs, <br><br>    v. <br><br>AMERISAVE MORTGAGE CORPORATION, <br><br>    Defendant. | CIVIL ACTION NO.: 1:13-cv-720-WSD |
| BERTINA MERCADO, JAMES BRUCE, JAMES PERFILIO, and ASHLEY AUGUSTIN, <br><br>    Plaintiffs, <br><br>    v. <br><br>AMERISAVE MORTGAGE CORPORATION, <br><br>    Defendant. | CIVIL ACTION NO.: 1:13-cv-00721-WSD |
| PATRICK NEWBOLD, ED ZAIDI and JEREMY LADNER, <br><br>    Plaintiffs, <br><br>    v. <br><br>AMERISAVE MORTGAGE CORPORATION, | CIVIL ACTION NO.: 1:13-cv-00722-WSD |

| | |
|---|---|
| Defendant. | |
| PATRICK KELLEY, TROY STEFFEN and RICHARD JASPER, <br><br> Plaintiffs, <br><br> v. <br><br> AMERISAVE MORTGAGE CORPORATION, <br><br> Defendant. | CIVIL ACTION NO.: <br> 1:13-cv-00723-WSD |
| STEPHANIE CANAS and STEVEN ALHADEFF, <br><br> Plaintiffs, <br><br> v. <br><br> AMERISAVE MORTGAGE CORPORATION, <br><br> Defendant. | CIVIL ACTION NO.: <br> 1:13-cv-00724-WSD |
| CYNTHIA AMBORSKI, <br><br> Plaintiff, <br><br> v. <br><br> AMERISAVE MORTGAGE CORPORATION, <br><br> Defendant. | CIVIL ACTION NO.: <br> 1:13-cv-00725-WSD |

| | |
|---|---|
| WILLIAM HAYES, ADA CARIO, OMAR COICOCHEA and JERRY VICHALES,<br><br>    Plaintiffs,<br><br>  v.<br><br>AMERISAVE MORTGAGE CORPORATION,<br><br>    Defendant. | CIVIL ACTION NO.:<br>1:13-cv-00728-WSD |
| HOWARD WOLFFS, BLAIN ROSENBERY, DEBORAH RAU, CLINT CREBBIN, MICHAEL KEMPTER and ERIC LEVINE,<br><br>    Plaintiffs,<br><br>  v.<br><br>AMERISAVE MORTGAGE CORPORATION,<br><br>    Defendant. | CIVIL ACTION NO.:<br>1:13-cv-00733-WSD |
| TONY AKINS, SCOTT BLATTMANN, SHAWN CUNANAN, TODD KANGAS and CHRISTIAN PENNEY,<br><br>    Claimants,<br>  v.<br><br>AMERISAVE MORTGAGE CORPORATION,<br><br>    Respondent. | AAA No. 30 160 00236 13 |

| | |
|---|---|
| LARRY ANDERSON, CHARLES BLAIR, JOHN CAFFERY, THOMAS DEMARIA, SHANE FEENEY, KEARY HAYES and MICHELLE PALLANTE-BECK,<br><br>      Claimants,<br>  v.<br><br>AMERISAVE MORTGAGE CORPORATION,<br><br>      Respondent. | AAA No.  30 160 00237 13 |
| MARK ATKINSON, ROBERT NASSANEY, and NICHOLAS VUJNOVICH,<br><br>      Claimants,<br>  v.<br><br>AMERISAVE MORTGAGE CORPORATION,<br><br>      Respondent. | AAA No.  30 160 00239 13 |
| MATTHEW BRODER, PAUL JACKSON, KEITH LEIN, JACOB SANDERS, BILLY SANDERS and TYLER TINDALL,<br><br>      Claimants,<br>  v.<br><br>AMERISAVE MORTGAGE CORPORATION,<br><br>      Respondent. | AAA No. 30 160 00240 13 |

| | |
|---|---|
| STEPHEN BRYAN, MICHAEL DIAZ, MOKI HILL, MARSHA LEQUEX, GREG LEQUEX, ANTHONY MCCALLAHAN, KATHRYN PISANI and KYLE ZOTTER,<br><br>   Claimants,<br> v.<br><br>AMERISAVE MORTGAGE CORPORATION,<br><br>   Respondent. | AAA No. 30 160 00241 13 |
| RYAN GUM, BARBARA LATHROP, PAMELA MICHNO, JAMES SHEDRICK and WILLIAM WEAVER,<br><br>   Claimants,<br> v.<br><br>AMERISAVE MORTGAGE CORPORATION,<br><br>   Respondent. | AAA No. 30 160 00243 13 |
| LISA LEMARIE and JASON TAYLOR,<br><br>   Claimants,<br> v.<br><br>AMERISAVE MORTGAGE CORPORATION,<br><br>   Respondent. | AAA No. 30 160 00245 13 |

| | |
|---|---|
| RANDY HOOPES, ROBERT LUNA, SCOTT NEWPOFF, STEPHEN VICINO, JAMES WADE and KAL WAYMAN,<br><br>      Claimants,<br>v.<br><br>AMERISAVE MORTGAGE CORPORATION,<br><br>      Respondent. | AAA No:  30 160 00244 13 |
| ERIC MCGOWAN,<br><br>      Claimant,<br>v.<br><br>AMERISAVE MORTGAGE CORPORATION,<br><br>      Respondent. | AAA No. 30 160 00246 0013 |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, all Plaintiffs and all Complainants in the above referenced matters, identified as Jeffrey Zulauf, Jason Zulauf, Jeff Dacosta, Andrew Rochester, Michael Samuels, Anthony Fierro, Eugene Kuehnis, Daniel Muraira, Richard Thomas, Paul Fergonise, Aaron Blake, Jeffery Estes, Alberto Velez, Rodney Atkinson, Guy Lamura, Ha Le Dao, Sara Vanderver, Richard Goldstone, Paul McDonald, Thomas Wolf, John Noh, Sammie Buckhannon, Bertina Mercado, James Bruce, James

Perfilio, Ashley Augustin, Patrick Newbold, Ed Zaidi, Jeremy Ladner, Patrick Kelley, Troy Steffen, Richard Jasper, Stephanie Canas, Steven Alhadeff, Cynthia Amborski, William Hayes, Ada Cario, Omar Coicochea, Jerry Vichales, Howard Wolffs, Blain Rosenbery, Deborah Rau, Clint Crebbin, Michael Kempter, Eric Levine, Tony Akins, Scott Blattmann, Shawn Cunanan, Todd Kangas, Christian Penney, Larry Anderson, Charles Blair, John Caffery, Thomas DeMaria, Shane Feeney, Keary Hayes, Michelle Pallante-Beck, Mark Atkinson, Robert Nassaney, Nicholas Vujnovich, Matthew Broder, Paul Jackson, Keith Lein, Jacob Sanders, Billy Sanders, Tyler Tindall, Stephen Bryan, Michael Diaz, Moki Hill, Marsha LeQuex, Greg LeQuex, Anthony McCallahan, Kathryn Pisani, Kyle Zotter, Ryan Gum, Barbara Lathrop, Pamela Michno, James Shedrick, William Weaver, Lisa LeMarie, Jason Taylor, Randy Hoopes, Robert Luna, Scott Newpoff, Stephen Vicino, James Wade, Kal Wayman and Eric McGowan.[1] (hereinafter collectively referred to as "Settlement Plaintiffs") come before the Court, together with the Defendant/Respondent, Amerisave Mortgage Corporation (hereinafter referred to as "Amerisave"),[2] by and through their respective undersigned counsel of record

---

[1] Arbitration Claimants Andy Chau and Mark Michno voluntarily dismissed their claims asserted in AAA Arbitration No. 30 160 00242 213 on May 21, 2013.

[2] Former Co-Defendant Patrick Markert, was dismissed with prejudice in Civil Action No. 1:11-cv-01784-WSD.

(sometimes hereinafter referred to as the "Parties"), and move this Court to approve the Parties' stipulated settlement set forth herein, as required by the FLSA, and to enter the stipulated Order Approving Settlement prepared and contemporaneously submitted by the Parties' respective counsel for that purpose. This settlement contemplates payment to the individual Settlement Plaintiffs for their purported FLSA damages and provides for payment of attorneys' fees and costs incurred in the prosecution of these lawsuits and arbitrations.  In support of this Motion, the Parties jointly represent to the Court as follows:

The named plaintiffs in the original action, <u>Zulauf, et. al. v. Amerisave Mortgage Corporation</u>, Civil Action No. 1:11-cv-1784-WSD, filed their complaint on May 31, 2011.  In that action, the plaintiffs contend that they are entitled to recover from Amerisave unpaid overtime pursuant to 29 U.S.C. § 216(b).  The action was decertified and a number of lawsuits and arbitrations followed.  All of the pending lawsuits and pending arbitrations that originated from the original action are identified in the captions above, and would be fully and finally concluded with the approval of this Settlement.

The crux of Settlement Plaintiffs' FLSA claim is that Settlement Plaintiffs were not fully compensated for certain hours that they allegedly worked in excess of 40

hours per week. Amerisave denies all allegations, and defends the same, both on a factual and legal basis.

Accordingly, a chart setting forth the names of the Settlement Plaintiffs and the negotiated amount to be paid in settlement for each, as analyzed, calculated, and consented to by the Parties ("Settlement Chart"), is being contemporarily submitted to the Chambers of the Honorable William S. Duffey for his review.

In addition to discovery, counsel for the Parties has formally and informally exchanged data in connection with the evaluation and negotiation of this settlement.

The Parties negotiated, determined, and calculated the amounts to be paid to each Settlement Plaintiff as set forth in the Settlement Chart. The resultant amount was then divided equally (subject to adjustment for full-cent amounts) between wage and liquidated damages to reflect the relief Settlement Plaintiffs claim under 29 U.S.C. § 216(b).

Amerisave denies any liability whatsoever, but recognizes that these claims would require thousands of dollars to litigate to final judgment and that a "take nothing" judgment by summary judgment or by jury trial would be uncertain. Settlement Plaintiffs share Amerisave's concerns about litigation costs, the inherent difficulty

of testimony-based offers of proof, and, ultimately, the uncertainty of a jury verdict in their favor, or the extent of the same.

On June 20, 2013, counsel for the Parties reached an agreement to settle this action for the Settlement Plaintiffs contingent upon the Court's approval. The Parties' Stipulation of Settlement is as follows:

    a.    Amerisave shall pay Plaintiffs' counsel, for attorneys' fees and reimbursement of costs expended in the prosecution of these litigations and arbitrations, in the amount identified in the Settlement Chart in full settlement of any and all claims for fees and expenses. This payment will be made within five (5) business days of court approval.

    b.    Amerisave shall pay the remaining Settlement Plaintiffs aggregate settlement proceeds identified in the Settlement Chart by making payments denominated as wages and/or liquidated damages to each of the individuals, as set forth in the Settlement Chart, less the deduction of any taxes and any amounts required by law to be withheld from the check designated as wages.

    c.    Each Settlement Plaintiff shall acknowledge his individual consent to this settlement and shall waive and release all claims against Amerisave (and other Released Parties as defined in Exhibit 1) in writing, in the form attached hereto as **Exhibit 1** (with the appropriate litigation/arbitration caption and Settlement Plaintiff name added). Payment will be made directly to each Plaintiff within twenty (20) days of Defendant's counsel's receipt of their fully executed Exhibit 1.

    d.    Neither the payments herein nor the Order Approving Settlement shall constitute or shall heretofore be represented as any admission, finding, conclusion, or judgment of an FLSA violation on behalf of the Released Parties or liability to the Settlement Plaintiffs, or any other

violation or liability whatsoever, including liability for liquidated damages.

e. Additional settlement terms as set forth in the Settlement Chart.

Each party to this Agreement has had a full, informed opportunity to review and analyze the payroll, depositions, personnel data, and individualized calculations made by the other party. While the Parties are not in agreement about all the inferences that might properly be drawn from this evidence, they are confident that continued litigation of this cause would not produce results more economically beneficial than this stipulated compromise settlement submitted to the Court. Settlement Plaintiffs believe that the amounts they will receive pursuant to this settlement reflect a substantial portion of or more than what they could expect to recover if they were to prevail at trial. Counsel for Plaintiffs hereby affirm that they have reviewed the settlement terms with Settlement Plaintiffs; Settlement Plaintiffs understand the contents and wish the court to approve it.

The Parties respectfully request that the Court (1) approve their Stipulation of Settlement contained in paragraph 7, and its subparts, as a fair and reasonable disposition of the claims and defenses asserted in these actions; (2) approve the release form attached hereto as **Exhibit 1** as to form; (3) approve the itemized monetary distribution to Settlement Plaintiffs as set forth in the Settlement Chart; and (4) approve the payment of attorneys' fees and costs as set forth in the

Settlement Chart, by entering the Order Approving Settlement submitted herewith as **Exhibit 2**.

Ultimately, upon payment of all individual claims, the Parties will submit a Proposed Order, as appropriate, dismissing the above listed lawsuits and arbitrations, with prejudice. In lieu of execution of the release form, a Settlement Plaintiff may elect to forgo any payment afforded to that particular Settlement Plaintiff, and instead may elect to dismiss his or her claim with prejudice.

WHEREFORE, PROMISES CONSIDERED, the Parties so move the Court through their respective undersigned counsel of record, this the <u>24th</u> day of June, 2013.

| | |
|---|---|
| /s/ Amanda A. Farahany | /s/ Raanon Gal |
| Amanda a. Farahany, Esq. | Raanon Gal, Esq. |
| Georgia Bar No. 646135 | GA Bar No. 100281 |
| Amanda@bf-llp.com | rgal@fordharrison.com |
| | |
| BARRATT & FARAHANY, LLP | FORDHARRISON $^{LLP}$ |
| 1100 Peachtree Street | 271 17th Street, NW |
| Suite 500 | Suite 1900 |
| Atlanta, Georgia 30309 | Atlanta, Georgia 30363 |
| Telephone: 404-214-0120 | Telephone: (404) 888-3800 |
| Facsimile: 404-214-0125 | Facsimile: (404) 888-3863 |
| | |
| Attorney for Plaintiffs/Claimants | Attorney for Defendant/Respondent |

# CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on June 24th, 2013, he electronically filed the foregoing **JOINT MOTION FOR APPROVAL OF SETTLEMENT**, with the Clerk of Court using the CM/ECF System which will automatically send e-mail notification of such filing to the following attorney of record:

>Amanda A. Farahany, Esq.
>Barrett & Farahany, LLP
>1100 Peachtree Street, N.E.
>Suite 500, Atlanta, GA  30309

FORDHARRISON LLP
271 17th Street, NW
Suite 1900
Atlanta, GA  30363
Telephone: (404) 888-3800
Facsimile:  (404) 888-3863

*/s/ Raanon Gal*
Raanon Gal
Georgia Bar No. 100281
rgal@fordharrison.com

Attorney for Defendant/Respondent

Atlanta:594269.2